UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | CRIMINAL ACTION |
|---|---|
| VERSUS | NO. 16-68 |
| LANCE STOVALL | SECTION "R" (4) |

## ORDER AND REASONS

Before the Court is defendant Lance Stovall's motion requesting a copy of his sentencing transcript.[1] The Government opposes the motion.[2] For the following reasons, the Court denies defendant's motion for a sentencing transcript.

## I. BACKGROUND

Defendant Lance Stovall is currently incarcerated at the United States Penitentiary in Pollack, Louisiana. On November 14, 2018, Stovall pleaded guilty to one count of conspiracy to distribute heroin and fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), (b)(1)(C), and 846.[3] The Court sentenced Stovall to 108 months of imprisonment and four years of

---

[1] R. 431.
[2] R. Doc. 436.
[3] R. Doc. 222.

supervised release, and ordered him to pay a special assessment fee of $100.00.[4]

On October 27, 2020, Stovall moved for a copy of his sentencing transcript at the government's expense.

## II.   DISCUSSION

Stovall is not entitled to a free copy of sentencing transcript "solely because he is indigent or because he desires to prepare a petition seeking collateral relief."  *United States v. Watson*, 61 F. App'x 919, 919 (5th Cir. 2003) (per curiam) (citing *Smith v. Beto*, 472 F.2d 164, 165 (5th Cir. 1973); *United States v. MacCollom*, 426 U.S. 317, 324-25 (1976)); *see also United States v. Herrera*, 474 F.2d 1049, 1049-50 (5th Cir. 1973) ("This Court has consistently held that a federal prisoner is not entitled to obtain copies of court records at the government's expense to search for possible defects merely because he is an indigent.").  Under 28 U.S.C. § 753(f), Stovall can obtain a free transcript as an indigent prisoner "if the trial judge or circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal."  28 U.S.C. § 753(f); *see also MacCollom*, 426 U.S. at 320-21.

---

4   R. Doc. 360.

Here, Stovall asserts that he needs his sentencing transcript for the following reasons: (1) during his sentencing, the Court did not inform him of his "past Criminal history and his release time after being released from prison," and (2) "there appears to be a defect" in his sentence that "needs to be attended to[]."[5] Stovall fails to establish that his sentencing transcript is needed for resolution of these issues. Stovall has not filed any post-conviction motions challenging his sentence. Under Fifth Circuit precedent, a defendant who has not filed a motion for relief under § 2255 is not entitled to copies of court records at the government's expense in order "to search for possible error[s]." *Skinner v. United States*, 434 F.2d 1036, 1037 (5th Cir. 1970) (per curiam); *see also United States v. Agbomire*, 239 F. App'x 929, 929-30 (5th Cir. 2007) (per curiam) (affirming a district court's denial of the defendant's request for free court records because defendant "did not have a § 2255 petition pending before the district court").

Given that defendant's request is not related to any pending proceeding, the Court is unable to certify that Stovall "is pursuing a matter that is not frivolous or that the transcripts are needed to decide the issue[s] presented by such a matter." *United States v. Skipper*, No. 93-315, 1996 WL

---

5     R. Doc. 431.

560353, at *1 (E.D. La. Sept. 30, 1996); *see also MacCollom*, 426 U.S. at 329-21.

## III. CONCLUSION

Accordingly, Stovall's motion for his sentencing transcript at government expense is DENIED.

New Orleans, Louisiana, this __28th__ day of September, 2021.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE