UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 16-68 |
| LANCE STOVALL | SECTION "R" (4) |

## ORDER AND REASONS

Before the Court is defendant Lance Stovall's motion for early termination of supervised release.[1] Stovall's Probation Officer in the Northern District of Texas is unopposed to his request for early termination; the Government is opposed.[2] For the following reasons, the Court denies the motion.

### I. BACKGROUND

On November 14, 2018, Stovall pled guilty to one count of conspiracy to distribute and possess with intent to distribute 100 grams or more of heroin and a quantity of fentanyl. This Court sentenced Stovall to 108 months of imprisonment and four years of supervised release.[3] On September 27, 2024, Stovall completed his term of imprisonment and began

---

[1]   R. Doc. 556.
[2]   R. Doc. 560.
[3]   R. Doc. 360.

1

serving his term of supervised release in the Northern District of Texas, which is projected to expire on September 26, 2028.

In his motion, Stovall asks the Court to terminate his supervised release. He has complied fully with all conditions of his supervised release and has demonstrated compliance and rehabilitation. Stovall elaborates that he has obtained a job at DHL Logistics, has enrolled in an associate's degree program, and has earned certifications, including as a Crane Operations Rigger.[4] Stovall asks for the Court to terminate his supervised release early so that he can travel for work and obtain opportunities to advance in his field.

## II.  LEGAL STANDARD

The district court has authority to terminate supervised release at any time after the expiration of one year if, after considering the factors set forth in 18 U.S.C. § 3553(a), the court is satisfied that such an action is warranted by the conduct of the defendant and the interests of justice. 18 U.S.C. § 3583(e); *accord United States v. Johnson*, 529 U.S. 53, 59-60 (2000). Among the factors a court must weigh are the nature of the offense, the history and characteristics of the defendant, the need for the sentence to deter criminal activity, the need to protect the public, the need to provide the defendant with educational or vocational training, and the need to avoid

---

[4]    R. Doc. 556.

unwarranted sentencing disparities among similarly situated defendants. 18 U.S.C. § 3553(a). District courts have considerable discretion in determining whether the interest of justice warrants early termination. *United States v. Jeanes*, 150 F.3d 483, 484 (5th Cir. 1998). Mere compliance with the terms of supervised release, absent more, is insufficient to justify an early termination of supervised release because such compliance is expected and required. *See, e.g.*, *United States v. Taylor*, 729 F. App'x 474, 475 (7th Cir. 2018) ("[M]ere compliance with the terms of supervised release is expected, and without more, insufficient to justify early termination.").

## III. DISCUSSION

Here, Stovall has demonstrated compliance with his supervised release terms. Such compliance is insufficient, without more, to justify an early termination of supervised release. *Id*.

Considering the 3553(a) factors, Stovall's conduct, and the interests of justice, the Court finds that an early termination of supervised release is unwarranted. Stovall has served just over one-quarter of his term of supervised release. Further, the Court finds that the Stovall's success on supervised release suggests that the supervised release is serving its intended purpose. Stovall's prior adjustment to parole following his term of state incarceration was poor. Following his parole release for a state manslaughter

conviction on November 20, 2015, Stovall's parole was revoked because of his arrest for the instant conduct.[5]  Stovall is adjusting successfully to his current term of supervised release.  As the supervised release structure is supporting that success, the Court finds it remains appropriately imposed and provides the best opportunity for continued success in reentry.  Continued supervision appropriately reflects the seriousness of Stovall's offense and his history and characteristics.

The Court echoes the Government's contention that should Stovall receive a job offer outside of his supervising jurisdiction, it would be appropriate for Stovall to petition this Court for a modification of his supervised release requesting a transfer of his supervision to another district and for other modifications as necessary to pursue such employment.

## IV.  CONCLUSION

For the foregoing reasons, the Court DENIES Stovall's motion for early termination of supervised release.

New Orleans, Louisiana, this  14th  day of November, 2025.

*Sarah Vance*
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[5]   R. Doc. 296.